IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HENRY ANTOINE SAUNDERS,

       Petitioner,

v.                                 Civil Action No. 5:11CV166
                                          (STAMP)

TIMOTHY STEWART, Warden,

       Respondent.

## MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Procedural History

On November 17, 2011, the pro se[1] petitioner, Henry Antoine Saunders, an inmate at FCI-Morgantown, filed an application for habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his conviction and sentence imposed in the United States District Court for the District of Maryland.

This matter was referred to United States Magistrate Judge James E. Seibert for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. On January 25, 2012, the magistrate judge issued a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations on

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

or before February 8, 2012.  On February 6, 2012, the petitioner
filed objections to the report and recommendation.  For the reasons
set forth below, this Court finds that the report and
recommendation by the magistrate judge must be affirmed and adopted
in its entirety.

## II.   <u>Facts</u>

Following a jury trial in the United States District Court for
the District of Maryland, the petitioner was convicted of
conspiracy to distribute and to possess with intent to distribute
cocaine, and possession of a firearm in furtherance of a drug
trafficking crime in violation of 21 U.S.C. § 846 and 18 U.S.C.
§ 924(c).  The petitioner was sentenced to imprisonment for 121
months on the first count, and five years of imprisonment on the
second count, to be served consecutively.  The petitioner appealed
his conviction and sentence to the United States Court of Appeals
for the Fourth Circuit.  On May 2, 2006, the Fourth Circuit
affirmed the decision of the district court.  The petitioner has
not filed a petition pursuant to 28 U.S.C. § 2255 and the time
period in which to file such a petition has expired.

## III.   <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct
a <u>de novo</u> review of any portion of the magistrate judge's
recommendation to which objection is timely made.  As to those
portions of a recommendation to which no objection is made, a
magistrate judge's findings and recommendation will be upheld

unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). The petitioner has filed objections in this case. Thus, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## IV. Discussion

In his § 2241 application, the petitioner asserts the following four grounds upon which he is seeking relief: (1) the indictment failed to state a crime; (2) he was not provided with the names of any witnesses at the arraignment hearing; (3) the arraignment deprived him of judicial review of the indictment; and (4) he was deprived of his Sixth Amendment right to a speedy trial.

The magistrate judge's report and recommendation states that the petitioner failed to show that he is entitled to review under § 2241 because he has not satisfied the requirements set forth in In re Jones, 226, F.3d 328 (4th Cir. 2000). Therefore, the magistrate judge concludes that because the petitioner attacks the validity of his conviction and sentence but fails to establish that he meets the In re Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

The petitioner sets forth the following nine objections to the report and recommendation of the magistrate judge: (1) the magistrate judge improperly spoke for the respondent by making arguments against the petitioner's stated claims; (2) the In re

3

<u>Jones</u> case is not the standard in the Fourth Circuit; (3) the magistrate judge misconstrued the petitioner's claims as something other than jurisdictional; (4) the magistrate judge failed to acknowledge that the petitioner has the right to challenge jurisdiction at any time; (5) the trial court lost subject matter jurisdiction when the indictment failed to state a claim; (6) the magistrate judge failed to point out that the trial court lost jurisdiction when the petitioner was not provided with proper judicial review of the indictment; (7) the magistrate judge failed to point out that the prosecution violated the Speedy Trial Act; (8) the magistrate judge fails to point out that the petitioner was prejudiced when he was not provided with the names of any witnesses at his arraignment; and (9) the magistrate judge improperly made a determination against the petitioner based on documents that had not been submitted by the respondent.

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); <u>see</u> <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). "However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." <u>In re Vial</u>, 115 F.3d at 1194 n.5 (internal citations omitted). Rather, § 2255 is

inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Contrary to the petitioner's assertion in his ninth objection, In re Jones remains good law in the Fourth Circuit. See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (stating that In re Jones delineates the circumstances in which § 2241 may be utilized).

This Court agrees that the petitioner has failed to establish the elements required by In re Jones. Specifically, 21 U.S.C. § 846 and 18 U.S.C. § 924(c), the substantive laws under which the petitioner was convicted, have not changed since the date of the petitioner's conviction such that the petitioner's conduct would no longer be deemed criminal. Therefore, the petitioner cannot satisfy the second prong of the In re Jones test and his § 2241 petition must be denied.

The petitioner's first and ninth objections to the report and recommendation seem to argue that the magistrate judge improperly based his decision upon facts not entered into evidence by the respondent. Although the petitioner argues that the magistrate

judge considered a document not a part of the record, he does not identify this document.

As the magistrate judge explained in his report and recommendation, he conducted an initial review of this case pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure.  Rule 2 provides:

> All petitions, applications, complaints, and motions to vacate or modify sentences filed by prisoners are assigned to the Magistrate Judges.  The Magistrate Judges are authorized to consider the record and do all things proper to recommend disposition of any dispositive motions filed in such actions and to decide any non-dispositive motions, including, without limitation, conducting a hearing on motions, if necessary, and entering into the record a written order setting forth the disposition of the motions or recommendation for disposition.

LR PL P 2.  The magistrate judge need not await the submission of documentation or evidence by the respondent before making his recommendation for the disposition of the petitioner's § 2241 application.  This Court finds that the magistrate judge conducted a proper, impartial initial review of the petitioner's § 2241 application pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure.  Thus, the petitioner's objections must be overruled.

Petitioner's objections three through six present various arguments relating to jurisdiction.  Specifically, the petitioner asserts that the trial court lost jurisdiction and that the magistrate judge failed to consider this argument.  However, the petitioner presents no facts or law in support of these

6

contentions.  The petitioner's objections relating to jurisdiction, like the claims in his original § 2241 application, appear to attack the validity of his conviction and sentence.  Again, because the petitioner failed to establish that he meets the <u>In re Jones</u> requirements, he has not demonstrated that § 2255 is an inadequate or ineffective remedy.  Thus, the § 2241 application was improperly filed and must be denied.

The petitioner's seventh and eighth objections reassert two of the arguments made in his § 2241 application.  Specifically, that the Speedy Trial Act was violated and that he was prejudiced by not being provided with the names of witnesses at his arraignment.  As explained above, these claims attack the validity of the petitioner's conviction and sentence and were improperly filed as part of a § 2241 petition.  For these reasons, the magistrate judge's report and recommendation denying and dismissing with prejudice the petitioner's § 2241 petition must be affirmed.

V.  <u>Conclusion</u>

Based upon a <u>de novo</u> review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons set forth above, the petitioner's § 2241 is DENIED and DISMISSED WITH PREJUDICE.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit

7

on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered.  <u>See</u> Fed. R. App. P. 4(a)(1).  He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241.  <u>See</u> 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); <u>see also</u> Fed. R. App. P. 22; <u>Drax v. Reno</u>, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    February 13, 2012


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

8